**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

_____

No. 94-50278

_____

UNITED STATES OF AMERICA,

　　　　　　　　　Plaintiff-Appellee,

versus

YVONNE DILWORTH,

　　　　　　　　　Defendant-Appellant.

_____

Appeal from the United States District Court
For the Western District of Texas
_____

(April 10, 1995)

Before REAVLEY and EMILIO M. GARZA, Circuit Judges, and PRADO,[*] District Judge.

PER CURIAM:

Yvonne Dilworth asks us to decide that the "underlying offense" upon which she was sentenced for harboring her fugitive son should have been his failure to appear for judicial proceedings and not his initial drug offense. Dilworth's son, Frederick Nickles, had pled guilty to distributing crack cocaine within 1,000 feet of an elementary school, and Nickles failed to appear for subsequent court proceedings. After officers found Nickles in hiding at Dilworth's home, she was convicted of harboring a

_____

[*] District Judge of the Western District of Texas, sitting by designation.

fugitive, *see* 18 U.S.C. § 1071 (Supp. V 1993). The district court applied § 2X3.1 of the Sentencing Guidelines[1] and, using Nickles' drug conviction as the underlying offense,[2] sentenced Dilworth to twenty-seven months in prison and three years of supervised release.[3] Dilworth argues that the district court should have used her son's failure-to-appear offense as the underlying offense for purposes of sentencing.

Reviewing the district court's interpretation of the Sentencing Guidelines de novo, 18 U.S.C. § 3742(e) (1988 & Supp. V 1993); *see also United States v. Lara-Velasquez*, 919 F.2d 946, 953 (5th Cir. 1990), we resolve this question of first impression in this Circuit and reject Dilworth's argument. In *United States v. Gonzalez*, 2 F.3d 369 (11th Cir. 1993), the defendant also was convicted of harboring a fugitive who had failed to appear in court on a drug offense. *Id.* at 370. A warrant was issued for the fugitive's failure to appear, and the fugitive was apprehended at the defendant's home. *Id.* When the district court used the fugitive's failure-to-appear charge as the underlying offense in sentencing under U.S.S.G. § 2X3.1, the government argued that the defendant primarily was an accessory to the drug offense and thus should have been sentenced on that basis. *Id.* at 371. The

---

[1]     § 2X3.1 provides that the base offense level for a conviction under 18 U.S.C. § 1071 is "6 levels lower than the offense level for the underlying offense . . . ." United States Sentencing Commission, *Guidelines Manual* § 2X3.1 (Nov. 1993).

[2]     Under § 2X3.1, the "underlying offense" is "the offense as to which the defendant is convicted of being an accessory." U.S.S.G. § 2X3.1, comment. (n.1).

[3]     Under § 2X3.1, Dilworth's base offense level was limited to 20.

-2-

Eleventh Circuit agreed with the government's contention, holding that the fugitive's "primary goal" had been fleeing punishment for the drug offense, not the failure-to-appear offense. *Id.* at 373.

> The bond jumper commits a second offense when he fails to appear for judicial proceedings and it [would be] odd, indeed, to impose what is in this and will be in most cases a significantly lighter penalty on one who harbors the dual offender than on one who hides a suspect from initial arrest.

*Id.* at 372.[4] We agree with the Eleventh Circuit's analysis of this issue. The district court used Nickles' drug offense correctly as the underlying offense in determining Dilworth's base offense level under U.S.S.G. § 2X3.1. Accordingly, we AFFIRM Dilworth's sentence.

---

[4] Moreover, the guidelines instruct generally that, "where two or more guideline provisions appear equally applicable, but the guidelines authorize the application of only one such provision, use the provision that results in the greater offense level." U.S.S.G. § 1B1.1, comment. (n.5); *see also Gonzalez*, 2 F.3d at 371-2.